UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                                        |
                                              |
**DEALER ACCESSORIES, LLC,**                  |                    **Case No. 21-3197-JMC-11**
                                              |
                    Debtor.                   |
_____       |       _____
                                              |

### FIRST DAY MOTION FOR AUTHORITY TO USE CASH COLLATERAL

Dealer Accessories, LLC, ("Debtor"), by counsel, pursuant to §§105, 361, 363 and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 4001 and local rule B-4001-2, files its *First Day Motion for Authority to Use Cash Collateral and Grant Replacement Liens,* (the "**Cash Use Motion**") on the following grounds:

1.      On the date hereof, Debtor was the Debtor in Possession in the captioned Bankruptcy proceeding, which was commenced by the filing of a Voluntary Petition under Chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code"), on July 12, 2021 which generated the related Order for Relief herein, (the "Commencement Date").  Debtor continues to operate its business and manage its properties pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Debtor operates a service business that offers high end paint protection, detailing and window tinting to retail and commercial customers seeking the enhance their cars.  Operating out of rented facilities in downtown Carmel, Indiana, it employs 21 full time staff and 6 contractors who offer specialty services.  The Debtor was formed by Kyle Owen in 2010, formally began operations in 2014 and has been operated by him since then.  The business requires manufacturer certification for installation and service of its most important products, which in turns requires hands on training that is expensive.  As the business grew it required capital that was not available to Mr. Owen, which required him to lean on expensive and dangerous forms of financing using internet lenders with direct access to bank accounts, credit card sales and accounts receivable.  The Debtor has a core operating profitability that will allow it to reorganize, and that profitability is what drives its ability to leverage cash collateral for the benefit of all of its creditors.

1

**Jurisdiction**

3.      This Court has jurisdiction to consider this matter pursuant to 28 USC §§ 157 and 1334. This is a core proceeding pursuant to 28 USC §§ 157 (b).   Venue is proper before this Court pursuant to 28 USC §§ 1408 and 1409.

**Relief Requested**

4.      By this Motion, Debtor requests authorization to obtain post-petition use of cash collateral pursuant to §§105, 361, 363 and 507 of the Bankruptcy Code.  The relief requested is simply authority to use cash collateral which is comprised of the Debtor's cash accounts, accounts receivable and inventory.  Finally, the Debtor requests the scheduling of a final hearing pursuant to Bankruptcy Rule 4001.

**Pre-Petition Financing of the Debtor's Operations**

5.      Prior to the Commencement Date, the Debtor's liquidity needs were met primarily through the daily operation of the business of the Debtor and the collection of its accounts receivable in the ordinary course of the Debtor's business.  When cash flow got tight the Debtor incurred short term high risk loans from more than ten such lenders, only half of whom perfected any purported grant of a security interest in the Debtor's assets.  The Debtor also became delinquent in employment taxes but has paid the bulk of those obligations in full.  Based on default in making the onerous payments required by the internet lenders, certain of them have taken action and enforced their contractual rights to possession of accounts, including 3 of the Debtor's merchant accounts that allow it to process credit card transactions.

6.      As of the Petition Date the Debtor had approximately $16,500 in its operating accounts.  By not processing credit cards the Debtor also has built up accounts receivable that it believes is entirely collectible and that is listed in the schedules at just over $188,000.  Debtor therefore estimates that total cash collateral in this case is approximately $240,500.   Detail for this estimate is as follows:

| CC Merchant | Account # | Amount |
|---|---|---|
| Heartland | 5638 | $          - |
| Intuit QuickBooks | | $     18,250.00 |
| PayPal | | $       3,511.21 |
| Square | | $   145,701.83 |
| Chase QuickAccept | | $     20,663.61 |
| | | $   **188,126.65** |

**Bank**
**Accounts**
**Chase Business**

|       |    |           |
|-------|----|-----------|
| 0069  | $  | 4,925.00  |
| 0085  | $  | 1,469.39  |
| 0093  | $  | 10,399.01 |
|       | $  | **16,793.40** |

### Post-Petition Financing of the Debtor's Company

7. Debtor urgently needs working capital to continue its ordinary course business operations. The use of cash collateral, collection of accounts in the ordinary course and the receipt of transactions processed through its merchant accounts allows the Debtor to obtain and maintain sufficient operating liquidity to meet its post-petition obligations on a timely basis, the loss of which may result in a permanent and irreplaceable loss of value in its assets and a resultant diminution in the value of the Debtor to the detriment of its creditors. This Cash Use Motion presents just the use of cash collateral and does not require it to advance new sums to the Debtor post-petition. The budget that is attached hereto as Exhibit "A", (the "**Budget**"), indicates that the Debtor can operate its business profitably, so the Debtor believes the proposed financing of its operations in this way is reasonable.

8. The Debtor has performed a UCC search in order to prepare this Motion and analyze the position of its secured creditors, but several such creditors obscure their identity when filing financing statements and the Debtor's inquiry into those identities is pending at this time.  The Debtor believes that it is appropriate to allow the secured creditors to assert their position with respect to cash collateral given that many of them cannot present enforceable secured transactions.   In exchange for use of cash collateral and in demonstration of the feasibility of Debtor's ongoing operations, the Debtor proposes to escrow an amount that would adequately protect any of its secured creditors pending a further determination of which, if any, are so entitled.

9. The Debtor has tendered a proposed form of an order whereby the Court would approve the foregoing use of the cash collateral pending further Order of the Court after notice and a fair opportunity to

3

object, all in the form attached hereto as Exhibit "B".

**Notice**

10.     Notice of this Cash Use Motion has been made in compliance with Local Rule B- 9013-

3(d).

10.     Debtor will provide, on the date this Cash Use Motion is filed, copies of this Cash Use

Motion and notice of the hearing by fax, e-mail, telephone or hand delivery to the following:

i.     The Office of the United States Trustee for the Southern District of Indiana;

ii.     20 largest unsecured creditors (to the extent practicable);

iii.     All secured creditors;

iv.     Any indenture trustees; and

v.     Any party who has filed an appearance and served same on the Debtor prior to service of
this Deposit Motion.

**WHEREFORE,** the Debtor herein respectfully requests that it be authorized to use cash collateral as

described herein, and for all other just and proper relief in the premises.

___/s/ KC Cohen_____                          July 13, 2021
Attorney for the Debtor:
KC Cohen 04310-49
KC Cohen, Lawyer, PC
151 N. Delaware St., Ste. 1106
Indianapolis, IN 46204
317.715.1845
fax 636.8686
kc@smallbusiness11.com

**CERTIFICATE OF SERVICE**


The undersigned counsel hereby certifies that a copy of the was filed using the Court's ECF system and parties will be served via such system.  In addition, copies of the foregoing were delivered by regular US Mail, emailed or faxed to the following on July 13, 2021:

kc@esoft-legal.com;

kyle.owen@clearbraindy.com;

cmcelwee@mrjalaw.com;

harrison.strauss@usdoj.gov;

ustpregion10.in.ecf@usdoj.gov;


                                                    _____/s/ KC Cohen __
                                                              KC Cohen